## STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-54


MICHAEL & KIMBERLY D. MCMILLIAN

VERSUS

WESTWOOD MANOR NURSING HOME, INC.


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. C-2011-0531
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of James T. Genovese, Shannon J. Gremillion, and Phyllis M. Keaty, Judges.


**AFFIRMED.**


**Robert Justin Garon**
**Silbert & Garon, LLP**
**909 Poydras St., Suite 2130**
**New Orleans, LA 70112**
**(504) 581-6200**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
     **Michael & Kimberly D. McMillian**


**David Richard Sobel**
**Provosty, Sadler, Delaunay, Fiorenza & Sobel**
**P. O. Drawer 1791**
**Alexandria, LA 71309-1791**
**(318) 445-3631**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Westwood Manor Nursing Home, Inc.**

**GREMILLION, Judge.**

Plaintiffs/appellants, Michael McMillian and Kimberly D. McMillian, appeal the trial court's grant of the exception of prematurity filed by defendant/appellee, Westwood Manor Nursing Home, Inc. ("Westwood"). The trial court maintained Westwood's exception because the McMillians had not first submitted their claim to a medical review panel as required by the Medical Malpractice Act ("MMA"), La.R.S. 40:1299.47. For the reasons that follow, we affirm.

**FACTS**

Michael McMillian was a patient at Westwood following surgical procedures on his skull. The McMillians alleged in their petition that on January 15, 2011, two attendants arrived to transfer Mr. McMillian from his geri-chair to his bed. One attendant allegedly watched the other attempt to move McMillian. The working attendant lost his balance, and McMillian struck the wall with his head. The McMillians allege that Mr. McMillian had to undergo immediate surgery as a result of this incident and that he sustained severe and permanent injuries. The McMillians specifically alleged that Westwood failed to provide Mr. McMillian with the appropriate degree of care when transferring him from his chair to his bed, allowing only one aide to transfer Mr. McMillian, failing to properly train its employees in the appropriate methods of transferring a patient from chair to bed, allowing Mr. McMillian's head to strike the wall, and other acts or omissions to be learned through discovery. They also alleged that Westwood was vicariously liable under *respondeat superior* (Master-Servant liability).

Westwood filed an exception of prematurity in response to the petition. Because Westwood is a "qualified Healthcare provider" for purposes of the act, it maintained that all such claims as the McMillians' must first be submitted to a

medical review panel before suit can be filed. The trial court maintained Westwood's exception. This appeal ensued.

## ASSIGNMENT OF ERROR

The McMillians argue that the trial court erred in finding that Westwood met its burden of proving that the alleged acts are governed by the Medical Malpractice Act.

## ANALYSIS

Louisiana Revised Statute 40:1299.47(B)(1)(a)(i) requires that all claims against health care providers covered by the MMA must first be submitted to a medical review panel. The exception of prematurity is the appropriate procedural device to urge that a medical malpractice claim must first be submitted to a medical review panel before suit can be filed. *Spradlin v. Acadia-St. Landry Med. Found.*, 98-1977 (La. 2/29/00), 758 So.2d 116. The burden of proof rests with the exceptor. *Williamson v. Hosp. Serv. Dist. No. 1 of Jefferson*, 04-0451 (La. 12/1/04), 888 So.2d 782. The question before us is whether the McMillians' claims are for medical malpractice.

The Medical Malpractice Act defines "malpractice" as:

> any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely *and the handling of a patient, including loading and unloading of a patient*, and also includes all legal responsibility of a health care provider arising from acts or omissions during the procurement of blood or blood components, *in the training or supervision of health care providers,* or from defects in blood, tissue, transplants, drugs, and medicines, or from defects in or failures of prosthetic devices implanted in or used on or in the person of a patient.

La.R.S. 40:1299.41 (Emphasis added). The McMillians argue that the acts alleged do not satisfy the test for determining whether an act is "malpractice" for purposes of the MMA set forth by the Louisiana Supreme Court in *Coleman v. Deno*, 01-

2

1517 (La. 1/25/02), 813 So.2d 303. In *Coleman*, the supreme court established a six-part test to determine whether alleged acts are governed by the MMA: [1] whether the particular wrong is 'treatment related' or caused by a dereliction of professional skill; [2] whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached; [3] whether the act or omission involved assessment of the patient's condition; [4] whether the incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform; [5] whether the injury would have occurred had the patient not sought treatment; and [6] whether the tort was intentional. *Id.*

We note that the allegations in the petition assert facts that fall squarely within the definition of "malpractice" in La.R.S. 40:1299.41(A)(13). As a civilian jurisdiction, we look first to the plain language of the statute, and only resort to interpretive analysis when there is some ambiguity. La.Civ.Code art. 9. We find no ambiguity in La.R.S. 40:1299.41(A)(13). Claims involving the handling of a patient, including loading and unloading, are covered by the MMA and must be submitted to a medical review panel.

## CONCLUSION

The act of handling Mr. McMillian to transfer him from his geri-chair to his bed is covered by the Medical Malpractice Act. Their claims must be submitted to a medical review panel.

The judgment of the trial court is affirmed. Costs of this appeal are taxed to plaintiffs/appellants, Michael McMillian and Kimberly D. McMillian.

**AFFIRMED.**