# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-609

VERONICA THOMAS

VERSUS

NEXION HEALTH AT LAFAYETTE, INC., ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 2013-3981
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## PHYLLIS M. KEATY
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and John E. Conery, Judges.

**AFFIRMED.**

Patrick Daniel
The Daniel Law Firm
Post Office Drawer 51709
Lafayette, Louisiana  70505-1709
(337) 232-7516
Counsel for Plaintiff/Appellant:
 Veronica Thomas

**Robert M. Kallam**
**John L. Woods**
**Craig R. Bordelon, II**
**Preis PLC**
**Post Office Drawer 94-C**
**Lafayette, Louisiana  70509**
**(337) 237-6062**
**Counsel for Defendant/Appellee:**
  **Nexion Health at Lafayette, Inc.**

**Ian A. Macdonald**
**Jones Walker**
**Post Office Drawer 3408**
**Lafayette, Louisiana  70502-3408**
**(337) 593-7600**
**Counsel for Defendant/Appellee:**
  **Acadian Ambulance Service, Inc.**

**KEATY, Judge.**

In this medical malpractice case, Plaintiff, Veronica Thomas, appeals a judgment rendered by the trial court sustaining an exception of prematurity filed by Defendant, Nexion Health at Lafayette, Inc., d/b/a Lafayette Care Center, dismissing her claims against it without prejudice. For the following reasons, we affirm.

## PROCEDURAL HISTORY

Thomas, a wheelchair-bound paraplegic, was injured while being transported by van from a hospital to Nexion's skilled nursing facility in Lafayette, Louisiana, on August 17, 2012. Thereafter, she filed a petition for damages against multiple defendants, including Nexion, seeking to recover for the injuries that she sustained due to Defendants' alleged negligence.

Nexion responded to the petition by filing a dilatory exception of prematurity, alleging that because it was a qualified health care provider under the Louisiana Medical Malpractice Act (the MMA or the Act) at the time of the accident, Thomas' claim had to be submitted to a medical review panel before it could be filed in court. *See* La.R.S. 40:1299.47. According to the record, the hearing on the exception was continued twice at Thomas' request. Thereafter, Thomas waited until the day before the rescheduled hearing to file her opposition memorandum. At the hearing, Nexion's counsel indicated that due to the late filing, he was not prepared to counter all of the arguments asserted in Thomas' opposition. Nevertheless, the trial court proceeded with the hearing and sustained Nexion's exception of prematurity in open court. Later that day, however, the trial court recalled its interlocutory ruling based upon its finding that "the record was not developed sufficiently to make the factual findings needed to decide the

exception," which were "due in large part to plaintiff's counsel's failure to comply with Rule 9.9." A second hearing on the exception took place two weeks later, and a judgment sustaining the exception of prematurity and dismissing Thomas' claims against Nexion without prejudice was signed on April 7, 2014. The trial court provided written reasons for judgment on April 28, 2014.

Thomas now appeals, asserting in her sole assignment of error that the trial court committed legal error by sustaining Nexion's exception of prematurity "in direct contravention of current case law."

## DISCUSSION

"The dilatory exception of prematurity is the proper procedural mechanism for a qualified health care provider to invoke when a medical malpractice plaintiff has failed to submit the claim for an opinion by a medical review panel before filing suit against the provider." *Rivera v. Bolden's Transp. Serv., Inc.*, 11-1669, pp. 3-4 (La.App. 1 Cir. 6/28/12), 97 So.3d 1096, 1099. "On the trial of the dilatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." La.Code Civ.P. art. 930.

"The burden is on the defendant to prove prematurity and initial immunity from suit as a qualified health care provider under the Act. The defendant must also show that it is entitled to a medical review panel, because the allegations fall within the Act." *Rivera*, 97 So.3d at 1099 (citation omitted).

> The Act applies only to "malpractice"; all other tort liability on the part of a qualified health care provider is governed by general tort law. However, the fact that the plaintiff may have made allegations sounding in both medical malpractice and general tort law does not remove her petition from the penumbra of the Act, if a claim for medical malpractice is stated. . . .

2

. . . .

> The Act is in derogation of the rights of tort victims and its language must be strictly construed; any ambiguity must be resolved against coverage by the Act. *Williamson v. Hosp. Serv. Dist. No. 1 of Jefferson,* 04-0451 (La.12/1/04), 888 So.2d 782, 786-87. We conduct a *de novo* review of the trial court's grant of the dilatory exception of prematurity, as the issue of whether a claim sounds in medical malpractice involves a question of law.

*Id.* at 1100 (citations omitted).

The Act defines "Malpractice" as "any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely and *the handling of a patient, including loading and unloading of a patient*[.]" La.R.S. 40:1299.41(13) (emphasis added).

The following facts, which are not in dispute, were recited by the trial court in its reasons for judgment:

> Veronica Thomas brought this action against Nexion Health at Lafayette, Inc. to recover damages for injuries that she sustained while being transported in a van from a hospital to Nexion's nursing home facility in Lafayette. The plaintiff is a paraplegic and is bound to a wheelchair. She had been accepted by Nexion as a patient upon her release from the hospital and was being [] admitted to its facility pursuant to a physician's orders. A certified nurse's assistant employed by Nexion drove the van. Nexion . . . is a qualified health care provider.

In her petition, Thomas alleged that Nexion's employee negligently failed to "use a motor vehicle restraint to secure [her] for transport in the van" and that due to the reckless and unsafe operation of the van during her transport, she fell backward and sustained injuries. Nexion admitted for the purpose of its exception of prematurity that Thomas' allegation that its employee operated the van in a reckless and unsafe manner was properly before the trial court. On the other hand, Nexion argued that because the Act's definition of "Malpractice" includes "the

3

handling of a patient, including loading and unloading of a patient," Thomas' allegations that it was negligent in failing to use a vehicle restraint to properly secure her in the van had to be presented to a medical review panel before being part of this lawsuit. La.R.S. 40:1299.41(13).

In opposition to the exception, Thomas insisted that "[t]he Act does not and has never covered auto accidents," nor claims of driver negligence and/or the failure to use a seat belt to secure a patient during transport.

The trial court noted the following in its reasons for judgment (footnote omitted):

> The plaintiff concedes that the MMA would apply if she had been injured while being loaded into or unloaded from the van, but she argues that injuries occurring between those two events are not covered. This argument ignores the plain language of La.R.S. 40:1299.41(A)(13), which indicates that "handling of a patient" includes, but is more comprehensive than, "loading and unloading of a patient."

> "As a civilian jurisdiction, we look first to the plain language of the statute, and only resort to interpretive analysis when there is some ambiguity." *McMillian v. Westwood Manor Nursing Home, Inc.*, 2012-54 (La. App. 3 Cir. 5/30/12), 92 So.3d 623, 625, reh'g denied (July 18, 2012), *writ denied*, 2012-1857 (La. 11/9/12), 100 So. 3d 839. The word "handling" in the MMA is unambiguous and requires no further interpretation. *McMillian, supra*; *Andrews v. Our Lady of the Lake Ascension Cmty. Hosp., Inc.,* 2013-1237 (La.App. 1 Cir. 2/18/14), [142] So.3d [36].

> The Court finds that a mobility-impaired patient, who is being transported by a medically-trained driver from one health care facility to another pursuant to a physician's orders, is being "handled" within the meaning of the MMA. Moreover, as in *Andrews, supra*, even if the factors set forth in *Coleman* [*v. Deno*, 01-1517, 01-1519, 01-1521 (La. 1/25/02), 813 So.2d 303[1] were applied, the result would not change. Nexion's exception of prematurity is, therefore, sustained.

---

[1] In *Coleman*, 813 So.2d at 315-16, the Louisiana Supreme Court set forth a six-part test for determining whether a negligent act by a qualified health care is covered by the MMA:

[1] whether the particular wrong is 'treatment related' or caused by a dereliction of professional skill,

4

In *Richard v. Louisiana Extended Care Centers, Inc.*, 02-978 (La. 1/14/03), 835 So.2d 460, the plaintiff, an elderly nursing home resident who was a double amputee, filed suit alleging that she sustained severe injuries "when she was viciously attacked by an employee of [the nursing home], or alternatively, allowed to fall from her wheelchair." *Id.* at 462. After the trial court granted the nursing home's exception of prematurity, this court "affirmed in part and reversed in part, finding that plaintiff's claims of 'unintentional tort and/or breach of contract' are governed by the MMA, but that her intentional tort claims are not, and thus remanded the matter for further proceedings." *See Richard v. La. Extended Care Ctrs., Inc.,* 01-1492 (La.App. 3 Cir. 3/6/02), 809 So.2d 1248. Thereafter, the supreme court granted writs "to determine whether medical malpractice claims against a nursing home that is a qualified health care provider under the MMA must be submitted to a medical review panel under the MMA or can be brought outside of the provisions of the MMA under the [Nursing Home Residents' Bill of Rights] NHRBR." *Richard*, 817 So.2d at 462. In its review, the supreme court stated that "[i]t is clear that the nursing home's staff's alleged act of negligently allowing Ms. Deville to fall from her wheelchair involved the 'handling of a patient, including loading and unloading of a patient,' which comes directly under

---

[2] whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached,

[3] whether the pertinent act or omission involved assessment of the patient's condition[,]

. . . .

[4] whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform,

[5] whether the injury would have occurred if the patient had not sought treatment, and

[6] whether the tort alleged was intentional.

the MMA's definition of 'malpractice.'" *Id.* at 468. Nevertheless, it determined that "it was not the intent of the legislature to have every 'act, . . ., by any health care provider . . . during the patient's . . . confinement' [to be] covered by the MMA." *Id.* Because it was unable to determine from the record whether the plaintiff had been placed in the nursing home for treatment of a medical condition rather than just as a "custodial shelter," the supreme court remanded the matter to the trial court for a determination of whether the plaintiff's allegations constituted medical malpractice under the MMA. *Id.* at 469.

On appeal, citing *Hidalgo v. Wilson Certified Express, Inc.*, 94-1322 (La.App. 1 Cir. 5/14/96), 676 So.2d 114, Thomas claims that "[a]ccidents involving transport vehicles and allegations surrounding transport of failure and improper restraint are ALWAYS outside the []MMA." Thomas' reliance on *Hidalgo* in misplaced. In that case, the plaintiffs' vehicle was rear-ended on a highway, necessitating that the wife be taken by ambulance to a hospital for the treatment of the injuries she sustained in that collision. While en route to the hospital, the ambulance rear-ended another vehicle, causing the wife additional injuries. The plaintiffs later filed suit against various defendants involved in both of the collisions, including the ambulance company and its driver, who excepted to the petition on the basis of prematurity. On appeal, the first circuit affirmed the trial court's denial of the exception, finding that the plaintiffs "have not alleged that any act or omission, related to the promotion of a patient's health or to the provider's exercise of professional expertise or skill, caused or contributed to her injuries, . . . [n]or have they alleged Acadian was negligent in loading Mrs. Hidalgo into the ambulance or in failing to properly secure the stretcher or backboard, or both, once loaded into the ambulance." *Id.* at 118. In doing so, the

6

first circuit noted that "[a]ny such allegations would be covered by the Act and would have to first be brought to a medical review board before any evidence of such actions could be admitted at the trial of this case. *See Sewell v. Doctors Hospital,* 600 So.2d at 581 (Hall, J., concurring)." *Id.* n.7.

In the instant case, Thomas had been released by her doctor from the hospital to Nexion's nursing care facility, and the person sent by Nexion to transport Thomas between the two facilities was a certified nursing assistant who was trained to provide medical assistance to Thomas during that transport should the need arise. Because Thomas alleged that Nexion's employee was negligent in not properly securing her in its van, we find no error in the trial court's determination that Thomas was being handled within the meaning of the Act, thus entitling Nexion, a qualified health care provider, to have the claims against it in that regard presented to a medical review panel before being filed in the trial court. *See Richard*, 835 So.2d 460 and *Hidalgo*, 676 So.2d 114. Accordingly, we affirm the trial court's grant of Nexion's exception of prematurity.

## DECREE

For the foregoing reasons, the judgment rendered by the trial court sustaining the exception of prematurity filed by Nexion Health at Lafayette, Inc., d/b/a Lafayette Care Center, and dismissing Veronica Thomas' claims against it without prejudice is affirmed. Costs of this appeal are assessed against Veronica Thomas.

**AFFIRMED.**