STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

15-1185

JUDE BROUSSARD AND
RACHEL GREMILLION BROUSSARD

VERSUS

LAFAYETTE PHYSICAL
REHABILITATION HOSPITAL, LLC

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO.  2015-0709 DIVISION "B"
HONORABLE JULES D. EDWARDS, III, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, James T. Genovese, and Shannon J. Gremillion, Judges.

Gremillion, J., concurs in the result.

**REVERSED AND REMANDED.**

**Anthony J. Fontana, Jr.**
**A Professional Law Corporation**
**210 N. Washington Street**
**Abbeville, Louisiana 70510**
**(337) 898-8332**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
      Jude Broussard and
      Rachel Gremillion Broussard

James C. Young
Law Office of Sheryl Story
One Galleria Boulevard, Suite 1610
Metairie, Louisiana 70001
(504) 841-5085
COUNSEL FOR DEFENDANT/APPELLEE:
    Lafayette Physical Rehabilitation Hospital, LLC

**GENOVESE, Judge.**

In this personal injury action, Plaintiffs, Jude Broussard and Rachel Gremillion Broussard (the Broussards), appeal the trial court's judgment granting a Dilatory Exception of Prematurity in favor of Defendant, Lafayette Physical Rehabilitation Hospital, LLC (Lafayette Rehab), and denying the Broussards' Motion for a Rehearing and New Trial. For the following reasons, we reverse and remand for a new trial on the exception of prematurity.

## FACTS AND PROCEDURAL HISTORY

Mrs. Broussard, after having undergone a left knee replacement at Iberia Medical Center in Iberia Parish, was to be transferred to Lafayette Rehab for follow-up care. Lafayette Rehab sent its employee, driving a van it owned, to transport her from Iberia Medical Center to its facility. Mrs. Broussard, who was in a wheelchair, was loaded into the van by the driver.[1] During the transport, the driver of the van braked to avoid a collision with another vehicle. The Broussards allege that the sudden braking caused her "to fly out of the wheelchair onto the floor of the van where she immediately experienced severe pain." Mrs. Broussard filed suit against Lafayette Rehab for the damages she sustained, and Mr. Broussard sought damages for loss of consortium.

Lafayette Rehab responded to the lawsuit urging a Dilatory Exception of Prematurity. Therein, it asserted that the Broussards' claims were governed by the Louisiana Medical Malpractice Act and that the present lawsuit was premature because the Broussards had not convened a Medical Review Panel prior to the

---

[1]According to the petition, Lafayette Rehab's employee "secured the wheelchair to the floor of the vehicle so that the wheelchair could not move." Although Lafayette Rehab's brief indicates to the contrary, there is no record reference to support its assertions, nor did this court find any in the record.

commencement of the action, as required by the act. A hearing on the exception of prematurity was scheduled for June 29, 2015.

The Broussards' attorney did not file any opposition to the exception prior to the hearing. On the day of the hearing, the Broussards' attorney arrived at the courthouse late due to car trouble. In the meantime, and in his absence, the trial court took the matter up, granted Lafayette Rehab's exception of prematurity, and signed a judgment in accordance therewith on that same date.

A Motion for a Rehearing and New Trial was filed on behalf of the Broussards, contending that the trial court's "ruling is contrary to the facts of this case and the law[.]" The Broussards maintained that "[t]his case is a suit for personal injuries arising out of a traffic accident" and that "[i]t does not involve any facts that give rise to medical malpractice[.]" On these grounds, the Broussards prayed that the trial court "grant movers a re-hearing/new trial" and urged the trial court, thereafter, to deny Lafayette Rehab's exception of prematurity.

At the hearing on the Broussards' motion, the trial court noted that their attorney had failed to comply with the memorandum requirements of the local rules of court[2] prior to the hearing on the exception of prematurity and stated that,

---

[2]Louisiana District Court Rules Rule 9.9 (emphasis added) provides, in relevant part, as follows:

. . . .

(c) A party who opposes an exception or motion shall concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing. The opposition memorandum shall be served on all other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time.

. . . .

even if the court were to grant a hearing, it would not allow argument in opposition to Lafayette Rehab's exception. Further, according to the trial court's ruling, the exception "was sustained in accordance with the law." Thus, the trial court denied the Broussards' Motion for a Rehearing and New Trial. A written judgment was signed by the trial court on August 12, 2015, denying the Broussards' Motion for a Rehearing and New Trial and "confirm[ing]" the prior ruling granting Lafayette Rehab's Dilatory Exception of Prematurity. From said judgment, the Broussards appeal.

## ASSIGNMENTS OF ERROR

The Broussards present two assignments of error for our review: "1. The trial court committed legal error when it sustained Defendant's dilatory exception of prematurity. 2. The trial court abused its discretion in denying Plaintiff's motion for new trial."

## LAW AND DISCUSSION

Because we find merit to the Broussards' second assignment of error, we first address the trial court's denial of the Broussards' Motion for a Rehearing and New Trial. For the reasons that follow, we agree with the Broussards that the trial court erred in denying their motion.

Articles 1972 and 1973 of the Louisiana Code of Civil Procedure set forth the grounds on which a trial court may grant a motion for new trial. Article 1972(1) states that a new trial shall be granted "[w]hen the verdict or judgment appears clearly contrary to the law and the evidence." Article 1973 states that "[a] new trial may be granted in any case if there is good ground therefore, except as otherwise provided by law." Article 1972 is considered peremptory, so that a trial court would be obligated to order a new trial if the

---

(e) **Parties who fail to comply with paragraphs (b) and (c) of this Rule may forfeit the privilege of oral argument.** If a party fails to timely serve a memorandum, thus necessitating a continuance to give the opposing side a fair chance to respond, the court may order the late-filing party to pay the opposing side's costs incurred on account of the untimeliness.

> conditions of Article 1972 were met, while Article 1973 is discretionary, and allows a trial court to grant a new trial if the circumstances require. *Poland v. Poland*, 34,085 (La.App. 2 Cir. 12/6/00), 779 So.2d 852; *David v. Meek*, 97-523 (La.App. 1 Cir. 4/8/98), 710 So.2d 1160. In either case, unless the trial court abused its generous discretion, its decision to grant or deny a new trial will not be reversed. *Henderson v. Sellers*, 03-747 (La.App. 3 Cir. 12/17/03), 861 So.2d 923; *Bankston v. Bankston*, 97-2509 (La.App. 1 Cir. 11/6/98), 722 So.2d 46.

*Gauthier v. Gauthier*, 04-198, pp. 6-7 (La.App. 3 Cir. 11/10/04), 886 So.2d 681, 686.

When considering the propriety of the trial court's denial of the Broussards' motion, we acknowledge that in *Gauthier*, 886 So.2d at 689, we reasoned that "inadvertent technical errors do not favor granting a motion for new trial." Further, this court opined that the jurisprudence "does not consider delay or error in [an] attorney's performance of his duty, even if inadvertent, as grounds for granting a new trial." *Id.* However, more recently, in *Smith v. Alliance Compressors*, 05-855 (La.App. 3 Cir. 2/1/06), 922 So.2d 674, this court reached a contrary conclusion when an attorney failed to oppose a motion for summary judgment. After citing La.Code Civ.P. arts. 1972 and 1973, and the abuse of discretion standard of review, we noted that "[t]he supreme court has also held, however, that appellate courts should not hesitate to reverse the trial court judgments upon review of rulings on motions for new trial, if allowing the lower court judgment to stand would serve 'to permit technical pleading rules to triumph over actual justice.'" *Id.* at 679 (quoting *Lamb v. Lamb*, 430 So.2d 51, 54 (La.1983)).

4

In the matter before this court, the Broussards' attorney did not file any opposition to Lafayette Rehab's exception of prematurity prior to the hearing;[3] however, he notified the trial court that he was delayed on the morning of the hearing. The Broussards' attorney was not only attending the hearing on the exception, but he intended to introduce evidence in opposition to Lafayette Rehab's exception. The trial court ruled in his absence.

Upon learning that the trial court had taken up the exception of prematurity and had ruled in open court in favor of Lafayette Rehab, the Broussards' attorney filed a Motion for a Rehearing or New Trial. When that motion came before the trial court, it orally denied the Broussards' motion. Referencing their attorney's failure to furnish the trial court and opposing counsel with his opposition eight days prior to the hearing, the trial court stated that even if he were to "grant a new hearing, he [would] still not be allowed to argue in favor of his position regarding the exception."

Undisputedly, the Broussards' attorney did not comply with local rules of the district court prior to the hearing on Lafayette Rehab's exception of prematurity, the ramification of which was that **oral argument** may be forfeited. La.Dist.Ct.R. 9.9. However, we find that the trial court's ruling runs afoul of the provisions of the Louisiana Code of Civil Procedure and constitutes an abuse of the trial court's discretion.

Louisiana Code of Civil Procedure Article 926 provides that an objection of prematurity may be raised through a dilatory exception. Additionally, La.Code Civ.P. art. 930 provides that "[o]n the trial of the dilatory exception, evidence may

---

[3]In *Smith*, the matter involved a motion for summary judgment, specifically governed by La.Code Civ.P. art. 966, and its imposition of a statutory pre-hearing deadline. There is no statutory pre-hearing deadline relative to an exception of prematurity.

be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition." Thus, although the evidence may be found to be insufficient by a trial court, evidence may always be offered by a party either in support of or in opposition to a dilatory exception of prematurity. *Id.*; *Brown v. Red River Parish Sch. Bd.*, 469 So.2d 1110 (La.App. 2 Cir. 1985).

In the case at bar, Lafayette Rehab objected to the Broussards' petition on the grounds that their claims were premature since they had not been previously submitted to a medical review panel. As mover, Lafayette Rehab bore the burden of proof on its exception of prematurity. Specifically, it was incumbent upon Lafayette Rehab to show its entitlement to the commencement of a medical review panel prior to the filing of suit because the allegations of the Broussards' petition fall within the ambit of the medical malpractice act. *Thomas v. Nexion Health at Lafayette, Inc.*, 14-609 (La.App. 3 Cir. 1/14/15), 155 So.3d 708, *writ denied*, 15-311 (La. 4/24/15), 169 So.3d 359; *Miller v. Acadian Ambulance Serv., Inc.*, 13-1269 (La.App. 3 Cir. 3/5/14), 134 So.3d 250, *writ denied*, 14-698 (La. 5/16/14), 139 So.3d 1028.

At the hearing on the exception of prematurity, the only evidence introduced by Lafayette Rehab was of its status as an enrollee in the Louisiana Patient's Compensation Fund. Admittedly, there was no evidence introduced by the Broussards at the hearing in opposition to the exception. However, the Broussards argue on appeal that the evidence was insufficient for Lafayette Rehab to meet its burden of proof, since such a finding requires an analysis of the factors set forth by our supreme court in *Coleman v. Deno*, 01-1517, 01-1519, 01-1521 (La. 1/25/02), 813 So.2d 303. Arguably, the insufficiency of the evidence warrants the grant of a new trial pursuant to the mandatory provisions of La.Code Civ.P. art. 1972(1)

6

"[w]hen the verdict or judgment appears clearly contrary to the law and the evidence."

As set forth above, La.Code Civ.P. art. 1973 also provides discretionary grounds for the granting of a motion for new trial, which we find applicable. While the trial court certainly had the authority to preclude the Broussards' attorney from participating in oral argument at the hearing on the exception of prematurity as a result of his failure to comply with the local rules of court, the Broussards had a statutory right, pursuant to La.Code Civ.P. art. 930, to offer evidence in opposition to the exception, even without the right to orally argue. Their attorney's failure to file a memorandum does not negate that statutory right. We find, therefore, that the trial court abused its discretion in denying the Broussards the opportunity to introduce evidence in opposition to the exception of prematurity in violation of the Louisiana Code of Civil Procedure.

In reaching our conclusion, we are mindful that both parties refer this court to *Thomas*, 155 So.3d 708, in support of their respective contentions. We have considered the prior decision of this court, but do not find it to be determinative of the result reached herein. Certainly, the allegations in *Thomas* implicating La.R.S. 40:1231.1(A)(13)'s provision on "handling of a patient, including loading and unloading of a patient" are similar to those in the case at bar; however, such a discussion goes to the substance of the *Coleman* factors. We do not reach our conclusion herein based upon such an analysis;[4] rather, we do so based upon our

---

[4]This court, in *Thomas*, affirmed the trial court's judgment sustaining an exception of prematurity due to the plaintiff's failure to convene a medical review panel before filing suit. The procedural history of *Thomas* is noteworthy, since it also involved a party's failure to comply with the memorandum requirements of the local rules of court. In that case, despite plaintiff's filing of an opposition memorandum the day before the hearing, and defendant's assertion that it was unprepared to counter plaintiff's arguments due to the late filing, the trial court considered the matter and granted defendant's exception of prematurity. Notably:

7

finding that the record has not been developed due to the preclusion of evidence by the trial court's ruling, which we find to be an abuse of discretion. Such a finding by this court requires a reversal of the trial court's judgment and a remand for further proceedings consistent with this opinion.

## DECREE

For the reasons set forth herein, we reverse and vacate the trial court's judgment granting the Dilatory Exception of Prematurity in favor of Lafayette Physical Rehabilitation Hospital, LLC, and denying the Motion for a Rehearing and New Trial on behalf of Jude Broussard and Rachel Gremillion Broussard. This matter is remanded for a new trial on Lafayette Rehabilitation Hospital, LLC's Dilatory Exception of Prematurity. Costs of this appeal are assessed to Lafayette Rehabilitation Hospital, LLC.

**REVERSED AND REMANDED.**

---

Later that day, however, the trial court recalled its interlocutory ruling based upon its finding that "the record was not developed sufficiently to make the factual findings needed to decide the exception," which were "due in large part to plaintiff's counsel's failure to comply with Rule 9.9." A second hearing on the exception took place two weeks later, and a judgment sustaining the exception of prematurity and dismissing [plaintiff's] claims against [defendant] without prejudice was signed[.]"

*Id.* at 709-10.