**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**21-130 CONSOLIDATED WITH 21-188**

**AKIL AZIZ**

**VERSUS**

**DR. MICHAEL L. BURNELL, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 18-C-4697-C
HONORABLE LEDRICKA THIERRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**VAN H. KYZAR**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Sharon Darville Wilson, Judges.

**AFFIRMED.**

**Michael W. Adley**
**Adam P. Gulotta**
**Judice & Adley**
**P. O. Drawer 51769**
**Lafayette, LA 70505-1769**
**(337) 235-2405**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Dr. Michael L. Burnell**
    **Michael L. Burnell, M.D., A Professional Medical Corporation**

**Valex Amos, Jr.**
**2014 W. Pinhook Road, Suite 404**
**Lafayette, LA 70508**
**(337) 291-9115**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Akil Aziz**

**KYZAR, Judge.**

In this medical malpractice action, the defendant, Michael L. Burnell, M.D., A Professional Medical Corporation, appeals from the trial court's denial of its dilatory exception of prematurity. The trial court held that resubmission of the plaintiff's claim against his physician's professional medical corporation was not required when the medical review panel had already rendered an opinion with regard to the plaintiff's claim against the physician, individually. For the reasons herein, we affirm.

## FACTS AND PROCEDURAL HISTORY

The facts of this matter were set forth in more detail in the companion case of *Aziz v. Burnell*, 21-187 (La.App. 3 Cir. _/_/21), __ So.3d __. However, with regard to this appeal, the following facts are pertinent. Mr. Aziz initially filed a medical malpractice action against Dr. Burnell, individually, and as the employer/supervisor of his medical staff. Dr. Burnell, who practiced pursuant to a professional medical corporation, Michael L. Burnell, M.D., A Professional Medical Corporation (the Corporation), moved for partial summary judgment on the issue of respondeat superior, arguing that he could not be liable to Mr. Aziz under that doctrine because the Corporation employed the subject medical staff. Following a hearing, the trial court granted judgment in favor of Dr. Burnell and dismissed Mr. Aziz's respondeat superior claim with prejudice. The trial court further granted Mr. Aziz's motion to amend his petition to add the Corporation as defendant. As amended, the petition alleged the following with regard to Dr. Burnell and the Corporation:

**18.**

The injuries, complications, and subsequent medical problems experienced by Mr. Akil Aziz were caused by the negligence and lack of skill of Defendants, **Dr. Michael L. Burnell, Michael L. Burnell, M.D. (A Professional Medical Corporation[)]**, and their medical and related staff and employees in the following particulars:

[]    Failure to communicate (return call) with Mr. Aziz post procedure.

> a.    Mr. Aziz placed multiple calls to Dr. Burnell's office in order to notify him of persistent abdominal pain; Mr. Aziz did not receive any return calls from Dr. Burnell's office. Mr. Aziz subsequently sought delayed medical attention at the Lafayette General Medical Center Emergency Room. If Dr. Burnell had known of Mr. Aziz's abdominal pain at the time of the initial phone call, immediate medical intervention would have been implemented. In all likelihood, Mr. Aziz would have avoided major abdominal surgery (colectomy), post-surgical respiratory failure, and permanent colostomy.

. . . .

## 23.

**Dr. Michael L. Burnell** and/or **Michael L. Burnell, M.D. (A Professional Medical Corporation [)]** are the employers of Dr. Michael Burnell and staff, and are liable for the actions of its employees, physicians, residents, nurses, medical and related staff under the doctrine of Respondeat Superior pursuant to Louisiana Civil Code Article 2320. Thus, all defendants herein are liable jointly, severally, and in solido to the petitioner herein for the damages suffered as a result of medical treatment which fell below the standard of care rendered to Mr. Akil Aziz.

Subsequent to its addition as a defendant, the Corporation filed a dilatory exception of prematurity, asserting that Mr. Aziz's claim against it was premature because it had not been reviewed by a medical review panel pursuant to La.R.S. 40:1231.8(B)(1)(a)(i).[1] Following a hearing, the trial court[2] denied the exception, finding as follows:

> Dr. Burnell basically was the shareholder, I think he was the sole shareholder/officer/director of this corporation. And even though he may have been protected by the corporate structure based upon the

---

[1] La.R.S. 40:1231.8(B)(1)(a)(i) provides, "No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section."

[2] The hearing on the exception was heard by Judge James P. Doherty, Jr., who subsequently retired. The matter was then transferred to Judge Ledricka Thierry, who rendered the written judgment.

2

decisions that I previously entered in the motion for partial judgment [sic], I think it would be unfair and an unwise use of judicial time and expense to make the plaintiff have to jump through the same loop [sic] a second time, is basically what it is. I think it's judicial inefficient [sic] to require it. I believe that the claim was adequately addressed in the first medical review panel hearing and all.

A written judgment was rendered on this issue on January 28, 2021.

On February 22, 2021, the Corporation filed a motion for appeal, which was lodged in this court under docket number 21-188. Out of an abundance of caution, it also filed an application on February 24, 2021, for supervisory review of the trial court's denial of its exception, under docket number 21-130. This court granted the Corporation's writ application for the sole purpose of consolidating it with the instant appeal and the companion appeal filed by Mr. Aziz on the trial court's grant of summary judgment on the issue of Dr. Burnell's negligence. *Aziz v. Burnell*, 21-130 (La.App. 3 Cir. 4/12/21) (unpublished writ decision).

On appeal, the Corporation asserts two assignments of error, as follows:

I.    The trial court erred by denying [the Corporation's] Dilatory Exception of Prematurity. Specifically, the trial court erred by not finding the allegations contained within plaintiff's Petition for Damages and First Amending and Supplemental Petition for Damages as premature when said allegations were not presented to the Medical Review Panel.

II.   The District Court erred when denying the Appellant's Exception of Prematurity by holding that the plaintiff's claim was adequately addressed in the first medical review panel, which named Dr. Michael Burnell personally as the only defendant, even though [the Corporation] was never a named defendant.

**OPINION**

*Motion to Dismiss/Frivolous Appeal*

At the outset, we note that Mr. Aziz requests the dismissal the Corporation's appeal as being a duplicative, frivolous filing on the grounds that it also filed a writ application on this issue, which he claims is the correct procedural method for

3

challenging the denial of this exception. Thus, pursuant to La.Code Civ.P. art. 2164,[3] he requests that we award him attorney fees based on the Corporation's frivolous appeal.

Pursuant to Rule 2-8.1, a motion filed in an appellate court to dismiss or remand an appeal "shall comply with the provisions of Rule 2-7." Uniform Rules—Courts of Appeal, Rule 2-8.1. All written motions filed in an appellate court, in addition to the specified formatting, layout, and service requirements, must include a proposed order. Uniform Rules—Courts of Appeal, Rule 2-7.2. Furthermore, the movant must provide the clerk of the appellate court with an original and four copies of the motion so that it can "be filed, numbered, and docketed." Uniform Rules—Courts of Appeal, Rule 2-7.3. An appellate court will not consider any motion that has not been "previously filed, numbered, and docketed[.]" *Id.*

In this instance, Mr. Aziz included his motion to dismiss the Corporation's appeal in the body of his appellate brief. In doing so, we find that he failed to comply with Rules 2-7.2 and 2-7.3. *See Trust for Melba Margaret Schwegmann v. Schwegmann Family Trust*, 09-968 (La.App. 5 Cir. 9/14/10), 51 So.3d 737 (Wicker, J., concurring). Additionally, Mr. Aziz neither answered the Corporation's appeal nor filed his own appeal with regard to the trial court's denial of the exception. "An appellee who wishes to have a judgment modified must file an appeal or an answer to the appeal as provided in LSA-C.C.P. art. 2133." *Am. Bank & Trust v. Singleton*, 17-480, p. 11 (La.App. 1 Cir. 11/1/17), 233 So.3d 730, 739. For these reasons, we

---

[3] Louisiana Code Civil Procedure Article 2164 provides:

The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.

4

will not address Mr. Aziz's motion to dismiss and his request for attorney fees based on the Corporation's allegedly frivolous appeal.

***Exception of Prematurity***

In its first assignment of error, the Corporation argues that the trial court erred by denying its exception because Mr. Aziz failed to have the claim reviewed by a medical review panel before instituting suit against it. We disagree.

The use of a dilatory exception of prematurity in a medical malpractice setting was reviewed by the supreme court in *Blevins v. Hamilton Medical Center, Inc.*, 07-127, pp. 4-5 (La. 6/29/07), 959 So.2d 440, 443-44:

> The dilatory exception of prematurity provided in La.Code Civ. Proc. art. 926 questions whether the cause of action has matured to the point where it is ripe for judicial determination as an action is premature when it is brought before the right to enforce it has accrued. *Williamson v. Hospital Service Dist. No. 1 of Jefferson*, 04-0451, p. 4 (La.12/1/04), 888 So.2d 782, 785(finding alleged negligence of hospital in failing to repair wheelchair and in failing to make sure that wheelchair was in proper working condition did not arise from "medical malpractice"); *Spradlin v. Acadia-St. Landry Medical Foundation*, 98-1977, p. 4 (La.2/29/00), 758 So.2d 116, 119(alleged patient "dumping" case sounded in malpractice). Under the LMMA, a medical malpractice claim against a private qualified health care provider is subject to dismissal on a timely filed exception of prematurity if such claim has not first been reviewed by a pre-suit medical review panel. *Williamson*, 04-0451 at p. 4, 888 So.2d at 785; La.Rev.Stat. 40:1299.47(A). This exception is the proper procedural mechanism for a qualified health care provider to invoke when a medical malpractice plaintiff has failed to submit the claim for decision by a medical review panel before filing suit against the provider. *Spradlin*, 98-1977 at p. 4, 758 So.2d at 119; La.Code Civ. Proc. art. 926; Frank L. Maraist & Harry T. Lemmon, 1 *Louisiana Civil Law Treatise, Civil Procedure* § 6.6, 116 (West 1999). In such situations, the exception of prematurity neither challenges nor attempts to defeat any of the elements of the plaintiff's cause of action. *Spradlin*, 98-1977 at p. 4, 758 So.2d at 119; Maraist & Lemmon, *supra*. Rather, the defendant asserts that the plaintiff has failed to take some preliminary step necessary to make the controversy ripe for judicial involvement. *Spradlin*, 98-1977 at p. 4, 758 So.2d at 119; Maraist & Lemmon, *supra*.

On appeal, a denial of an exception of prematurity is reviewed *de novo* as the issue of whether a claim is governed by the provisions of the Louisiana Medical

Malpractice Act (LMMA), rather than general tort law, presents a question of law. *Miller v. Acadian Ambulance Serv., Inc.*, 13-1269 (La.App. 3 Cir. 3/5/14), 134 So.3d 250, *writ denied*, 14-698 (La. 5/16/14), 139 So.3d 1028. The burden of proving prematurity rests with the health care provider to "show its entitlement to the commencement of a medical review panel prior to the filing of suit because the allegations of the [plaintiffs'] petition fall within the ambit of the medical malpractice act." *Broussard v. Lafayette Physical Rehab. Hosp., LLC*, 15-1185, p. 6 (La.App. 3 Cir. 5/4/16), 191 So.3d 1202, 1206.

Louisiana Code of Civil Procedure Article 930 allows the introduction of evidence during the hearing on the exception of prematurity "to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition[.]" In the absence of evidence submitted in support or opposition to the exception, "the court must render its decision on the exception based upon the facts as alleged in the petition, and all allegations therein must be accepted as true." *LaCoste v. Pendleton Methodist Hosp., L.L.C.*, 07-8, 07-16, p. 8 (La. 9/5/07), 966 So.2d 519, 525. However, "[i]f evidence is admitted at the hearing . . . 'the exception must be resolved on the evidence presented, rather than on the allegations in the petition.'" *Miller*, 134 So.3d at 254-55 (quoting *Sterifx, Inc. v. Roden*, 41,383, p. 4 (La.App. 2 Cir. 8/25/06), 939 So.2d 533, 536). In this instance, the Corporation submitted evidence into the record in support of its exception; thus, we will resolve the exception based on this evidence, rather than on the allegations contained in Mr. Aziz's original and supplemental and amending petitions.

Unless all parties agree to waive review, a malpractice claim against a qualified health care provider must first be presented to a medical review panel. La.R.S. 40:1231.8(B)(1)(a)(i), (c). In *Williamson v. Hospital Service District No. 1 of Jefferson*, 04-451, p. 5 (La. 12/1/04), 888 So.2d 782, 786. The supreme court

6

"has, without exception, emphasized that the [LMMA] and its limitations on tort liability for a qualified health care provider apply strictly to claims 'arising from medical malpractice,' La.Rev.Stat. 40:1299.41(I),[4] and that all other tort liability on the part of the qualified health care provider is governed by general tort law." *Id.* As the supreme court has explained:

> The Medical Malpractice Act's limitations on the liability of a health care provider are special legislation in derogation of the rights of tort victims. As such, the coverage of the Act should be strictly construed. These limitations apply only in cases of liability for malpractice as defined in the Act. Any other liability of the health care provider to the patient is not subject to these limitations.

*Sewell v. Doctors Hosp.*, 600 So.2d 577, 578 (La.1992).

In order to prove its entitlement to the tort-limitations provided by the LMMA, the health care provider raising the exception of prematurity must prove not only its status as a qualified health care provider under the LMMA, but also that "it is entitled to a medical review panel, because the allegations fall within the scope of the [LMMA]." *Dutrey v. Plaquemine Manor Nursing Home*, 12-1295, p. 13 (La.App. 1 Cir. 6/17/13), 205 So.3d 934, 944. A qualified health care provider is one that has filed proof of financial responsibility with the Patient's Compensation Fund Oversight Board and has paid the required surcharge. La.R.S. 40:1231.2(A). Proof of qualification is satisfied when the health care provider has introduced a certificate of enrollment into evidence. La.R.S. 40:1231.8(B)(1)(a)(ii).

With regard to the second element of proof, La.R.S. 40:1231.1(A)(13) defines malpractice as "any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health

---

[4] La.R.S. 40:1299.41 was redesignated as La.R.S. 40:1231.1 by H.C.R. No. 84 of the 2015 Regular Session.

care provider, to a patient, including failure to render services timely" and "in the training or supervision of health care providers[.]" A tort is defined as:

[A]ny breach of duty or any negligent act or omission proximately causing injury or damage to another. The standard of care required of every health care provider, except a hospital, in rendering professional services or health care to a patient, shall be to exercise that degree of skill ordinarily employed, under similar circumstances, by the members of his profession in good standing in the same community or locality, and to use reasonable care and diligence, along with his best judgment, in the application of his skill.

La.R.S. 40:1231.1(A)(22).

Health care is defined, in part, as "any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement[.]" La.R.S. 40:1231.1(9).

In *Coleman v. Deno*, 01-1517, 01-1519, 01-1521, pp. 17-18 (La. 1/25/02), 813 So.2d 303, 315-16 (citations omitted), the supreme court employed six factors in order to determine whether the alleged conduct committed by the qualified health care provider constituted malpractice as defined by La.R.S. 40:1231.1(A)(13):

> (1) whether the particular wrong is "treatment related" or caused by a dereliction of professional skill,
>
> (2) whether the wrong requires expert medical evidence to determine whether the appropriate standard of care was breached,
>
> (3) whether the pertinent act or omission involved assessment of the patient's condition,
>
> (4) whether an incident occurred in the context of a physician-patient relationship, or was within the scope of activities which a hospital is licensed to perform,
>
> (5) whether the injury would have occurred if the patient had not sought treatment, and
>
> (6) whether the tort alleged was intentional.

8

During the hearing, the Corporation introduced three exhibits into evidence in support of its exception. These consisted of a copy of Mr. Aziz's request to the Division of Administration for Medical Review Board for review of his claim against Dr. Burnell; Dr. Burnell's certificate of enrollment into the Patient's Compensation Fund for the period of September 1, 2015 through September 1, 2016; and the Corporation's certificate of enrollment from September 1, 2014 through September 1, 2020. Although Mr. Aziz opposed the exception, he did not introduce any evidence in support of his opposition.

First off, we note that the malpractice alleged by Mr. Aziz occurred during September 2014. Thus, Dr. Burnell's enrollment certificate fails to show that he was a qualified health care provider at the time of the alleged malpractice. As shown by *O'Brien v. Rizvi*, 04-2252, 04-2257, p. 12 (La. 4/12/05), 898 So.2d 360, 368, "the corporation's qualification is concurrent with the qualification of the agent or employee who is providing health care on behalf of such corporation." Thus, based on the evidence in the record, it has not been established that the Corporation was a qualified health care provider at the time the alleged malpractice occurred. Nevertheless, this is not an instance where the plaintiff instituted suit in the trial court without first seeking review before a medical review panel. Here, there is no doubt that Dr. Burnell is a qualified health care provider because Mr. Aziz's claim against him has already been reviewed by a medical review panel, and pursuant to La.R.S. 40:1231.1(D)[5] and La.R.S. 40:1231.8, only claims against qualified health care providers are subject to the provisions of the LMMA and review by a medical

_____

[5] La.R.S. 40:1231.1(D) provides that "[a] health care provider who fails to qualify under this Part is not covered by the provisions of this Part and is subject to liability under the law without regard to the provisions of this Part."

9

review panel. Accordingly, because Dr. Burnell is a qualified health care provider, we find that the Corporation is also a qualified health care provider.

However, despite this finding, we find that the Corporation has not satisfied its second element of proof as it presented no evidence of any employee-related conduct which, upon consideration of the *Coleman* factors, would be considered medical malpractice as opposed to ordinary negligence. *See Broussard*, 191 So.3d 1202. As we stated, the exception is resolved based on the evidence submitted by the Corporation in support of the exception. Absent evidence establishing its entitlement to review by a medical review panel, we find no error in the trial court's denial of its exception. Moreover, based on this finding, we need not address the Corporation's second assignment of error. Accordingly, we affirm the trial court's denial of the Corporation's dilatory exception of prematurity.

## DECREE

For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are cast against Michael L. Burnell, M.D., A Professional Medical Corporation.

**AFFIRMED.**